IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

DAVID F.,                                    *
                                             *
              Plaintiff,                     *
                                             *        Civil No. TMD 19-135
       v.                                    *
                                             *
                                             *
ANDREW M. SAUL,                              *
Commissioner of Social Security,             *
                                             *
              Defendant.[1]                  *
                                    ************

## MEMORANDUM OPINION GRANTING PLAINTIFF'S ALTERNATIVE MOTION FOR REMAND

Plaintiff David F. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.  Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 16), Defendant's Motion for Summary Judgment (ECF No. 19), and Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 20).[2]  Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled.  No hearing

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security.  He is, therefore, substituted as Defendant in this matter.  *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards."  *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002).  For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable."  *Id.*

is necessary.  L.R. 105.6.  For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 16) is **GRANTED**.

# I

## Background

On May 2, 2018, Administrative Law Judge ("ALJ") William J. King, Jr., held a hearing where Plaintiff and a vocational expert ("VE") testified.  R. at 34-66.  The ALJ thereafter found on May 16, 2018, that Plaintiff was not disabled from his alleged onset date of disability of December 31, 2014, through the date of the ALJ's decision.  R. at 12-33.  In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since December 31, 2014, and that his degenerative disc disease and obesity were severe impairments.  R. at 17-21.  He did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  R. at 21-22.  The ALJ found:

> More specifically, I considered [Plaintiff's] degenerative disc disease under listings 1.04A and 1.04C, which concern spinal disorders other than spinal arachnoiditis (which is neither alleged in the present case nor established by the medical evidence).  However, in order to satisfy either listing 1.04A or 1.04C, a claimant's spinal disorder must be so extensive as to result in compromise of a nerve root or the spinal cord.  In the present case, the medical record does not demonstrate the simultaneous and continuous presence, throughout a minimum period of at least twelve consecutive months, of each of the several indicia of nerve root compression that are required to meet section 1.04A of the listings. . . . However, [Plaintiff] has not identified, nor have I encountered, any medical records substantiating the simultaneous and continuous presence of all of these indicia for a minimum of twelve months.  Moreover, the medical evidence of record contains multiple instances of negative findings concerning the listing criteria.

R. at 22.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform medium work as defined in 20 CFR §§404.1567(c) and 416.967(c). He can lift and carry up to fifty pounds occasionally and twenty-five pounds frequently.  He is able to stand and walk up to six hours in an eight-hour day.  He can occasionally balance, stoop, kneel, crouch, crawl and climb stairs and ladders. He cannot climb ladders, ropes or scaffolds.

R. at 22-23.  In light of this RFC and the VE's testimony, the ALJ found that, although he could

not perform his past relevant work as a construction worker, Plaintiff could perform other work

in the national economy, such as a hand packager, laundry worker, or dining-room attendant.  R.

at 27-29.  The ALJ thus found that Plaintiff was not disabled from December 31, 2014, through

May 16, 2018.  R. at 29.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on January

14, 2019, a complaint in this Court seeking review of the Commissioner's decision.  Upon the

parties' consent, this case was transferred to a United States Magistrate Judge for final

disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties

have briefed the issues, and the matter is now fully submitted.

## II

## **Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment that can

be expected to result in death or that has lasted or can be expected to last for a continuous period

of not less than twelve months.   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R.

§§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists . . . in significant numbers either in the

region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

4

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment.  If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience.    20 C.F.R.  §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work.    20 C.F.R.  §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4).  RFC is a measurement of the most a claimant can do despite his or her limitations.  *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."    20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age,

education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir.

1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

## Discussion

Plaintiff contends that the ALJ erred at step three of the sequential evaluation by failing to evaluate properly whether his impairments met or equaled 20 C.F.R. pt. 404, subpt. P., app. 1 § 1.04A ("Listing 1.04A"). Pl.'s Mem. Supp. Mot. Summ. J. 9-16, ECF No. 16-2. Plaintiff also asserts that remand is warranted because "the ALJ improperly discounted [his] subjective evidence of pain based solely on the lack of objective evidence of pain intensity" and because the ALJ "failed to explain in his decision what statements by Plaintiff undercut his subjective evidence of pain intensity as limiting his functional capacity." *Id.* at 18. For the reasons discussed below, the Court remands this case for further proceedings.

"The Social Security Administration has promulgated regulations containing 'listings of physical and mental impairments which, if met, are conclusive on the issue of disability.' A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford*, 734 F.3d at 291 (citation omitted); *see* 20 C.F.R. pt. 404, subpt. P, app. 1. "In order for a claimant to show that an impairment meets or equals a listed impairment in Step 3, she must demonstrate that her impairment meets all the specified criteria in the relevant listing." *Jones v. Berryhill*, 681 F. App'x 252, 254-55

(4th Cir. 2017) (per curiam) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)).  "However, the claimant need not show that all the listed symptoms were present simultaneously."  *Id.* at 255 (citing *Radford*, 734 F.3d at 293-94).  "Instead, a claimant must show only that each of the listed symptoms are documented in the record, and that the impairment is expected to last continuously for at least 12 months."  *Id.* (citing *Radford*, 734 F.3d at 294).

> To satisfy the requirements of Listing 1.04A, a claimant must show a disorder of the spine resulting in compromise of a nerve root or the spinal cord, with "[1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, [4] if there is involvement of the lower back, positive straight-leg raising test."

*Id.* (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04A).

Plaintiff argues that, by requiring "the simultaneous and continuous presence, throughout a minimum period of at least twelve consecutive months, of each of the several indicia of nerve root compression that are required to meet section 1.04A of the listings" (R. at 22), the ALJ failed to apply *Radford* and Acquiescence Ruling ("AR") 15-1(4).  *See* AR 15-1(4), 2015 WL 5697481, at *5 (Sept. 23, 2015) (explaining the Commissioner's application of *Radford* to claims in which the claimant resides within the Fourth Circuit at the time of the administrative decision that, "in deciding whether a claimant's severe medically determinable disorder of the spine meets listing 1.04A, adjudicators will not require that all of the medical criteria in paragraph A appear simultaneously or in particularly close proximity").[4]  Plaintiff contends that objective physical examinations within a twelve-month period revealed, among other things, positive straight-leg-raise testing.  Pl.'s Mem. Supp. Mot. Summ. J. 15, ECF No. 16-2 (citing R. at 2890, 2897, 2907).

---

[4] An Acquiescence Ruling explains how the Social Security Administration will "apply a holding in a decision of a United States Court of Appeals that [it determines] conflicts with [its] interpretation of a provision of the Social Security Act . . . or regulations when the Government has decided not to seek further review of that decision or is unsuccessful on further review."  AR 15-1(4), 2015 WL 5697481, at *1.

In response, Defendant concedes that the ALJ erred in failing to apply AR 15-1(4) and *Radford*, but he maintains that the error was harmless because Plaintiff "does not allege that his impairment actually met or medically equaled all the criteria set forth in Listing 1.04A." Def.'s Mem. Supp. Mot. Summ. J. 7, ECF No. 19-1.

Here, despite the ALJ's error, the record of Plaintiff's positive straight-leg-raise testing to which Plaintiff point does not indicate that the test was performed in both the sitting and supine positions as required by Listing 1.04A (R. at 2907). *See Helene C. v. Comm'r, Soc. Sec. Admin.*, Civil No. DLB-18-2938, 2019 WL 7370353, at *4 (D. Md. Dec. 31, 2019), *reconsideration denied*, Civil No. DLB-18-2938, 2020 WL 1694491 (D. Md. Apr. 7, 2020); 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04A (requiring claimant to show, "if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)"). Because Plaintiff has not shown that Listing 1.04A is met, any error in the ALJ's Listing 1.04A analysis is harmless. *See Helene C.*, 2019 WL 7370353, at *4.

Plaintiff then argues that remand is warranted because "the ALJ relied solely on objective evidence, while mischaracterizing or ignoring other evidence corroborative of [his] pain symptoms." Pl.'s Mem. Supp. Mot. Summ. J. 19, ECF No. 16-2. The ALJ found:

> Certainly, the impairments with which [Plaintiff] has been diagnosed could reasonably be expected to cause, in some individuals, some or all of the types of symptoms that he has alleged. However, after careful consideration of the evidence, I find that [Plaintiff's] assertions concerning the intensity, persistence, and limiting effects of his symptoms, and his contention that his symptoms have completely disabled him from all forms of work existing in significant numbers in the national economy, are not fully consistent with the evidence.

R. at 23-24.

The Court remands this case, however, because the ALJ failed to build an accurate and logical bridge from the evidence to his conclusion about Plaintiff's RFC. The ALJ adopted the

opinions of the state agency consultants (R. at 67-86, 89-110), who opined that Plaintiff had the RFC to perform medium work, as a "baseline" in determining Plaintiff's physical RFC (R. at 27).  The ALJ, however, "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'"  *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).  An ALJ's failure to do so constitutes reversible error.  *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017).  Here, the ALJ "concluded that [Plaintiff] could perform 'medium work' and summarized evidence that he found credible, useful, and consistent.  But the ALJ never explained how he concluded—*based on this evidence*—that [Plaintiff] could actually perform the tasks required by" medium work.  *Woods*, 888 F.3d at 694 (citing Social Security Ruling 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983)).  An ALJ may

> credit the opinion of a non-treating, non-examining source where that opinion has sufficient indicia of "supportability in the form of a high-quality explanation for the opinion and a significant amount of substantiating evidence, particularly medical signs and laboratory findings; consistency between the opinion and the record as a whole; and specialization in the subject matter of the opinion."

*Id.* at 695 (quoting *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 268 (4th Cir. 2017)).  In this case, the state agency consultants concluded that Plaintiff could lift up to 50 pounds (R. at 73, 83, 96, 107), but they failed to explain how they arrived at that specific number.  *See id.*  "The same is true of [their conclusions] that [Plaintiff] can sit or stand for six hours in an eight-hour workday."  *Id.*  Rather, they merely noted "normal ambulation, ability to change and maintain body position, and normal gross motor function" (R. at 74, 84, 97, 108) and no edema, "intact motor" in the bilateral upper and lower extremities, normal gait, and Plaintiff's ability to walk on toes (R. at 97, 108).  "The ALJ therefore failed to build an 'accurate and logical bridge'

from the evidence he recounted to his conclusion" about Plaintiff's RFC for medium work.  *Id.* at 694.  The Court thus remands this case for the ALJ to do so.

## V

## <u>Conclusion</u>

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 19) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 16) is **GRANTED**.  Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: April 27, 2020                              _____/s/_____

                                                  Thomas M. DiGirolamo
                                                  United States Magistrate Judge